FILED BY KS D.C.
Feb 4, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**22-MJ-2176-BECERRA**

176-JB Document 1 Entered on FLSD Docket 02/04/2022 Page 1 of 12

FID: 11359553

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | } |
| | } |
| v. | } Case No. 2:21-cr-387-AKK-JHE |
| | } |
| Wesley Sylvester | } |
| Defendant. | } |

NOV 24 2021 AM 11:13
RECEIVED USMS NDAL

## SEALED WARRANT FOR ARREST

TO: The United States Marshal
And Any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest Wesley Sylvester at 325 NE 151st Street, Biscayne Garden, FL 33162 and bring him or her forthwith to the nearest magistrate judge to answer a(n) **Indictment** charging him or her with:

SEE ATTACHED

SHARON N. HARRIS
Name of Issuing Officer

_K Clark_
Signature of Issuing Officer

Clerk, United States District Court
Title of Issuing Officer

November 24, 2021 – Birmingham, Alabama
Date and Location

Bail fixed at $ _____ by _____
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| DATE RECEIVED 11/24/2021 DATE OF ARREST | NAME AND TITLE OF ARRESTING OFFICER Copy COPY Copy Copy | SIGNATURE OF ARRESTING OFFICER Copy COPY Copy Copy |

Justin Hughes
USSS

PFE/RSR: Dec. 2021
GJ#10

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. |
| ) | |
| STANLEY GEORGES ) | |
| and WESLEY SYLVESTER, ) | |
| ) | |
| Defendants.   ) | |

## <u>INDICTMENT</u>

## <u>COUNT ONE</u>
## 18 U.S.C. § 371
## (Conspiracy)

The Grand Jury charges that:

1.  Between on or about March 18, 2020, and continuing through on or about April 16, 2020, within the Northern District of Alabama, and elsewhere, the defendants,

### STANLEY GEORGES and
### WESLEY SYLVESTER,

and others both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, and agree with each other to commit certain offenses against the United States, that is, to knowingly and with intent to defraud, devise and intend to devise and attempt to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises;

1

and for purposes of executing the scheme, cause the interstate transmission of writings, signs, signals, and sounds, in violation of Title 18, United States Code, Section 1343.

### OBJECT OF THE CONSPIRACY

2. It was the object of the conspiracy that **STANLEY GEORGES** and **WESLEY SYLVESTER**, and others known and unknown to the Grand Jury, would use fraudulently obtained credit cards to purchase pre-paid gift cards and other items at Sam's Club locations in Florida and Alabama.

### MANNER AND MEANS OF THE CONSPIRACY

3. It was part of the conspiracy that the defendants, **STANLEY GEORGES** and **WESLEY SYLVESTER**, and others known and unknown to the Grand Jury, would fraudulently obtain unauthorized access device cards from Synchrony Bank belonging to actual Synchrony Bank customers.

4. It was a further part of the conspiracy that the defendants, **STANLEY GEORGES** and **WESLEY SYLVESTER**, and others known and unknown to the Grand Jury, would then travel to Sam's Club stores located in multiple states, including Sam's Club store locations in the Northern District of Alabama, and use the fraudulently obtained unauthorized access device cards to purchase pre-paid gift cards and other items at Sam's Club stores.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

5. In furtherance of the conspiracy and to achieve the objects thereof, **STANLEY GEORGES** and **WESLEY SYLVESTER** committed and caused to be committed the following overt acts, among others, in the Northern District of Alabama and elsewhere.

6. **STANLEY GEORGES** and **WESLEY SYLVESTER** obtained access to at least two known Sam's Club membership accounts, identified as accounts ending in -6678 and -6377. Both accounts were opened under a name other than the defendants' true names.

7. Unknown members of the conspiracy used phone number XXX-XXX-7737 to impersonate actual Synchrony Bank customers and order replacement credit cards from Synchrony Bank.

8. Unknown members of the conspiracy used phone number XXX-XXX-1456 to impersonate actual Synchrony Bank customers and order replacement credit cards from Synchrony Bank.

9. On or about March 18, 2020, **STANLEY GEORGES** went to the Sam's Club Store number 6363 located in Jacksonville, Florida, and used the Sam's Club membership account ending -6678 to facilitate the use of one or more unauthorized access devices to purchase pre-paid gift cards.

3

10. On or about March 19, 2020, **STANLEY GEORGES** went to the Sam's Club Store number 6363 located in Jacksonville, Florida, and used the Sam's Club membership account ending -6678 to facilitate the use of one or more unauthorized access devices to purchase pre-paid gift cards.

11. On or about April 9, 2020, **STANLEY GEORGES** went to the Sam's Club Store number 4836 located in Oxford, Alabama, and used the Sam's Club membership account ending -6678 to facilitate the use of one or more unauthorized access devices to purchase pre-paid gift cards.

12. On or about April 10, 2020, **STANLEY GEORGES** went to the Sam's Club Store number 4724 located in Hoover, Alabama, and used the Sam's Club membership account ending -6678 to facilitate the use of one or more unauthorized access devices to purchase pre-paid gift cards.

13. On or about April 10, 2020, **STANLEY GEORGES** went to the Sam's Club Store number 4836 located in Oxford, Alabama, and used the Sam's Club membership account ending -6678 to facilitate the use of one or more unauthorized access devices to purchase pre-paid gift cards.

14. On or about April 10, 2020, **STANLEY GEORGES** went to the Sam's Club Store number 8247 located in Homewood, Alabama, and used the Sam's Club membership account ending -6678 to facilitate the use of one or more unauthorized access devices to purchase pre-paid gift cards.

15. On or about April 13, 2020, **WESLEY SYLVESTER** went to the Sam's Club Store number 8192 located in Dothan, Alabama, and used the Sam's Club membership account ending -6678 to facilitate the use of one or more unauthorized access devices to purchase pre-paid gift cards.

16. On or about April 14, 2020, **WESLEY SYLVESTER** went to the Sam's Club Store number 4776 located in Huntsville, Alabama, and used the Sam's Club membership account ending -6678 to facilitate the use of one or more unauthorized access devices to purchase pre-paid gift cards.

17. On or about April 15, 2020, **STANLEY GEORGES** went to the Sam's Club Store number 4836 located in Oxford, Alabama, and used the Sam's Club membership account ending -6678 to facilitate the use of one or more unauthorized access devices to purchase pre-paid gift cards.

18. On or about April 15, 2020, **STANLEY GEORGES** went to the Sam's Club Store number 8106 located in Montgomery, Alabama, and used the Sam's Club membership account ending -6678 to facilitate the use of one or more unauthorized access devices to purchase pre-paid gift cards.

19. On or about April 16, 2020, **STANLEY GEORGES** and **WESLEY SYLVESTER** traveled to Sam's Club Store number 4724 located in Hoover, Alabama, in furtherance of the conspiracy.

20. On or about April 16, 2020, **WESLEY SYLVESTER** went to the Sam's Club Store number 4724 located in Hoover, Alabama, and used the Sam's Club membership account ending -6678 to facilitate the use of one or more unauthorized access devices to purchase pre-paid gift cards.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## 18 U.S.C. § 1029(a)(2)
## (Use of Unauthorized Access Device)

21. From on or about April 9, 2020, to April 15, 2020, in the Northern District of Alabama, the defendant, **STANLEY GEORGES**, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, a credit card issued by Synchrony Bank ending in -9741 and bearing the name C.D., and by such conduct did obtain things of value aggregating at least $1,000.00 during a one-year period, said use affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT THREE
## 18 U.S.C. § 1029(a)(2)
## (Use of Unauthorized Access Device)

22. On or about April 16, 2020, in the Northern District of Alabama, the defendant, **WESLEY SYLVESTER**, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, a credit card issued by Synchrony Bank ending in -6191 and bearing the name T.G., and by such conduct

did obtain things of value aggregating at least $1,000.00 during a one-year period, said use affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

## NOTICE OF FORFEITURE

1. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense charged in Count One, the defendants,

**STANLEY GEORGES and
WESLEY SYLVESTER,**

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following: 14 Vanilla Visa Gift Cards totaling $2,700.00, and a forfeiture money judgment in the amount of $75,941.69.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

4. The allegations contained in Counts TWO and THREE of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

5. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1029 set forth in Counts TWO and THREE of this Indictment, the defendants,

**STANLEY GEORGES and
WESLEY SYLVESTER,**

shall forfeit to the United States of America --

(A) pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations;

(B) pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses.

The property to be forfeited includes, but is not limited to: 14 Vanilla Visa Gift Cards

totaling $2,700.00, and a forfeiture money judgment in the amount of $75,941.69.

6. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

*/s/Electronic Signature*

_____
FOREPERSON OF THE GRAND JURY

PRIM F. ESCALONA
United States Attorney

*/s/Electronic Signature*

_____
RYAN S. RUMMAGE
Assistant United States Attorney


TRUE COPY:
By: _____

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:21-cr-387-ACK-JHE |
| | ) |
| STANLEY GEORGES | ) |
| and WESLEY SYLVESTER, | ) |
| | ) |
| Defendants. | ) |

## <u>ORDER</u>

**THIS MATTER** having come before the Court pursuant to the Government's written **MOTION TO SEAL INDICTMENT**, and the Court being fully advised and satisfied, the Court finds that the interests of justice require that the Government's **MOTION TO SEAL INDICTMENT** be **GRANTED**.

**IT IS THEREFORE ORDERED** that the Indictment, Arrest Warrant, all accompanying documents, the Motion to Seal, and this Order in the above-styled and numbered case, are hereby **ORDERED** sealed, except that the District Court shall deliver copies of these documents to the United States Attorney's Office, the United States Marshals Service, and the investigating agency. The United States Marshals Service or the investigating agency that obtained the arrest warrant is authorized to enter the arrest warrant into National Crime Information Center (NCIC).

Upon the arrest of the Defendant, the U.S. Attorney's office shall notify by email the Criminal Help Desk in the Clerk of Court's office that an arrest has occurred[1] and the Indictment shall be **UNSEALED** without further Order from the Court.

It is so **ORDERED**.

Signed this 23rd day of November, 2021.

_____
U.S. Magistrate Judge

TRUE COPY:
/s/ Clark

---

[1] The Criminal Help Desk email address is criminal_helpdesk@alnd.uscourts.gov.